**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| **JOHN DEERE CONSTRUCTION & FORESTRY COMPANY,**<br><br>*Plaintiff,*<br>**v.**<br><br>**NDC COMMUNICATIONS, LLC, and BRIAN S. CURTIN,**<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.** |

**COMPLAINT**

For its Complaint against Defendants NDC Communications, LLC and Brian S. Curtin, Plaintiff John Deere Construction & Forestry Company ("Deere") states as follows:

**PARTIES**

1. Plaintiff John Deere Construction & Forestry Company is a corporation with its principal place of business in Illinois and incorporated under the laws of Delaware and lawfully conducts business in Maine. Therefore, it is a citizen of Illinois for diversity purposes.

2. Defendant NDC Communications, LLC is a limited liability company with its principal place of business in Maine. It can be served with process through its registered agent, Nancy Curtain, at 505 Stage Road, Etna, Maine 04434. Therefore, it is a citizen of Maine for diversity purposes.

3. Defendant Brian S. Curtin is an individual over the age of eighteen who resides and can be served with process at 507 Stage Road, Etna, Maine 04434. Therefore, he is a citizen of Maine for diversity purposes.

**JURISDICTION & VENUE**

4. This Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amounts owed under the contracts exceeds $75,000.00.

5. Venue is proper under 28 U.S.C. § 1392 because the Defendants are domiciled in this judicial district and a substantial part of the events or omissions occurred in this district.

## FACTS COMMON TO ALL COUNTS

6. Defendants conducted business in Penobscot County, Maine as NDC Communications, LLC.

7. To conduct business operations, Defendants purchased certain equipment with financing from Deere through two (2) separate written agreements.

8. Defendants defaulted on their contractual obligations by failing and/or refusing to make required payments.

9. All conditions precedent to bringing this action are satisfied.

10. Deere suffered damages including compensatory damages, contractual interest, contractual attorneys' fees, repossession fees, costs to recover and dispose of the Collateral, and equipment depreciation.

## COUNT ONE

### Breach of Contract—Account No. 1793

11. On January 24, 2023, NDC Communications, LLC and Brian S. Curtin executed a Loan Contract - Security Agreement (the "Contract") to finance the purchase of the following:

| Model | Serial No. | Estimated Value |
|---|---|---|
| 9320021 55MPL POWERLATCH COUPLER | AKR67050 | |
| HTC-7230S5-486-T5 MAIN PIN THUMB | AT379645 | |
| ZX160LCS6 EXCAVATOR BASE | 1FFDBP70TNF240433 | **$125,900** |



Public

(the "Collateral"). A true and correct copy of the Contract is attached hereto as **Exhibit 1**.

12. To perfect its security interest in the Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as **Exhibit 2**.

13. Under the terms of the Contract, NDC Communications, LLC and Brian S. Curtin agreed to make regular monthly payments but have not made all required payments.

14. NDC Communications, LLC and Brian S. Curtin are currently in default for non-payment.

15. To date, NDC Communications, LLC and Brian S. Curtin have not made sufficient payments to bring the account current and have not relinquished possession of Deere's Collateral.

16. Deere has incurred damages, including diminished value, attorneys' fees, litigation expenses, and collection costs.

17. Deere hereby adopts and incorporates all prior factual allegations.

18. Deere has performed all of the obligations required of it under the Contract.

19. Defendants have not performed all of their obligations under the Contract.

20. Defendants' failure and/or refusal pay the amounts owed is a breach of the Contract.

21. As a direct and proximate result thereof, Deere was damaged in the amount of $140,728.60.

22. Interest in the amount of $4,626.69 is due and owing through February 27, 2026, plus interest at the contract or legal rate of 6.25% from that date forward through the date of Judgment continuing to accrue at 6.25% per annum from the fate of Judgment until paid.

23. As of February 27, 2026, a late charge was due under the Contract in the amount of $1,182.45.



Public

WHEREFORE, John Deere Construction & Forestry Company demands judgment against NDC Communications, LLC and Brian S. Curtin for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT TWO

### Breach of Contract—Account No. 0908

24. On February 17, 2023, NDC Communications, LLC and Brian S. Curtin executed a Loan Contract - Security Agreement (the "Contract") to finance the purchase of the following:

| Model | Serial No. | Estimated Value |
|---|---|---|
| 92F0946 HYD COUPLER | AT452018 | |
| HTC-7230S5-486-T5 MAIN PIN THUMB | AT379649 | |
| ZX245USLC-6N EXCAVATOR | HCMDFD60L00700529 | **$105,400** |
| 42 BUCKET | 241286 | |

(the "Collateral"). A true and correct copy of the Contract is attached hereto as **Exhibit 3**.

25. To perfect its security interest in the Collateral, Deere recorded a UCC-1 financing statement. A true and correct copy is attached hereto as **Exhibit 4**.

26. Under the terms of the Contract, NDC Communications, LLC and Brian S. Curtin agreed to make regular monthly payments but have not made all required payments.

27. NDC Communications, LLC and Brian S. Curtin are currently in default for non-payment.



Public

28. To date, NDC Communications, LLC and Brian S. Curtin have not made sufficient payments to bring the account current and have not relinquished possession of Deere's Collateral.

29. Deere has incurred damages, including diminished value, attorneys' fees, litigation expenses, and collection costs.

30. Deere hereby adopts and incorporates all prior factual allegations.

31. Deere has performed all of the obligations required of it under the Contract.

32. Defendants have not performed all of their obligations under the Contract.

33. Defendants' failure and/or refusal pay the amounts owed is a breach of the Contract.

34. As a direct and proximate result thereof, Deere was damaged in the amount of $128,041.83.

35. Interest in the amount of $4,209.59 is due and owing through February 27, 2026, plus interest at the contract or legal rate of 6.25% from that date forward through the date of Judgment continuing to accrue at 6.25% per annum from the fate of Judgment until paid.

36. As of February 27, 2026, a late charge was due under the Contract in the amount of $1,151.86.

WHEREFORE, John Deere Construction & Forestry Company demands judgment against NDC Communications, LLC and Brian S. Curtin for compensatory damages, including but not limited to the amount owed under the terms of the contract, which will fairly and adequately compensate John Deere Construction & Forestry Company for the above described damages, together with interest from the date of the breach, collection expenses, attorneys' fees, the costs of this action, as well as other, further, and different relief as this Court deems necessary and proper.

## COUNT THREE
## Detinue & Replevin

37. Deere hereby adopts and incorporates all prior factual allegations.



Public

38. NDC Communications, LLC and Brian S. Curtin have possession of Deere's Collateral to which Deere is entitled by virtue of its valid security interest.

39. NDC Communications, LLC and Brian S. Curtin have failed and/or refused to turn over Deere's Collateral to Deere.

40. NDC Communications, LLC and Brian S. Curtin have exercised dominion and control over Deere's Collateral and have wrongfully refused to place Deere in possession of its collateral.

41. NDC Communications, LLC and Brian S. Curtin have failed and/or refused to provide possession to Deere.

42. Deere is entitled to immediate possession and is willing to tender a bond to secure immediate possession.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deere prays for the following relief:

43. That proper process issue along with Summons and a copy of this Complaint be served upon NDC Communications, LLC and Brian S. Curtin, requiring NDC Communications, LLC and Brian S. Curtin to answer or otherwise respond within the time limits provided by law;

44. That Deere be granted a money judgment against NDC Communications, LLC and Brian S. Curtin, jointly and severally, in the total amount of $280,341.02, plus pre-judgment interest, attorney's fees, collections costs, and court costs, with post-judgment interest accruing at the statutory rate on all amounts from the date of judgment until paid;

45. That Deere be granted a judgment for possession of the Collateral; and

46. For such other, further, or different relief as this Court deems proper.



Public

Respectfully submitted,

/s/ Dylan Reeves

Dylan Reeves (Maine Bar No. 011668)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
(615) 238-6300
dreeves@spencerfane.com

*Attorney For John Deere Construction & Forestry Company*



Public

## VERIFICATION

The information contained in this complaint, and any supporting documentation or materials referenced herein or submitted herewith, is true and correct to the best of my knowledge, information and belief.

Deere Credit services, Inc., loan servicer for the Plaintiff
John Deere Construction & Forestry Company

08/20/2026 09:56 AM CDT Heather J Deaton DIGITALLY SIGNED

By: Heather J. Deaton
Litigation Administrator

Sworn to and subscribed before me this 20th day of August, 2026 in Polk County, Iowa:

Affix Notary Seal here

MELISSA A OLSON
Notarial Seal - Iowa
Commission Number 720958
My Commission Expires 4/30/2027

Online Notary Public. This notarial act involved the use of online audio/video communication technology. Notarization facilitated by SIGNiX®

Melissa A Olson DIGITALLY SIGNED 08/20/2026 09:57 AM CDT

Signature of Notary



Public